```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
PEDRO ROSARIO,                     :

                    Petitioner,    :   07 Civ. 3836 (SHS)(HBP)

     -against-                     :   REPORT AND
                                       RECOMMENDATION
JOSEPH T. SMITH,                   :

                    Respondent.    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-31-07

      PITMAN, United States Magistrate Judge:

      TO THE HONORABLE SIDNEY H. STEIN, United States District Judge,

I.  Introduction

      Pedro Rosario, by his pro se petition, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, vacating a judgment of conviction entered on November 15, 1995, after a jury trial in the Supreme Court of the State of New York, Bronx County, for three counts of murder in the second degree, one count of conspiracy on the second degree and one count of criminal possession of a weapon in the second degree, in violation of New York Penal Law Sections 125.25, 105.15 and 265.03, respectively.

      Because the petition raises the same claims that were raised in a previously filed petition that remains pending in

this Court, I respectfully recommend that the petition be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(1).

II. <u>Facts</u>

On or about May 7, 2007, petitioner, represented by the late Barry M. Fallick, Esq., filed a petition for a writ of habeas corpus in this District that was assigned Docket No. 07 Civ. 3611. Like the petition in this matter, the petition in Docket No. 07 Civ. 3611 asserted the following claims: (1) the prosecution failed to disclose <u>Brady</u> material in a timely manner; (2) there is newly discovered evidence of misconduct by the prosecution; (3) trial counsel was ineffective; (4) appellate counsel was ineffective; (5) the prosecution made improper statements in its opening; (6) the Trial Court improperly admitted evidence that petitioner had threatened a witness for the prosecution and (7) the evidence was insufficient to sustain two of the murder convictions.

Notwithstanding the filing of Docket No. 07 Civ. 3611, petitioner also filed the instant petition which was received by the office of the <u>Pro Se</u> Clerk on May 7, 2007 and filed by the Clerk of the Court on May 16, 2007.

After this matter was referred to me, I issued an Order on June 29, 2007 directing respondent to serve an answer to the petition. Although my Order was directed to respondent, I

received a letter from petitioner dated July 12, 2007 in which he wrote:

> I am respectfully writing to inform Your Honor that I am represented by counsel: <u>Ms. Jillian Harrington, Esq., 666 Third Ave., 17th Floor, New York, N.Y. 10017, Tel No. (212) 697-4090, E-Mail: verdictlaw@aol.com.</u>, where a petition and Memorandum of Law was submitted on May 7, 2007, and Magistrate Judge James C. Francis was assigned on behalf of the Honorable William H. Pauley. (<u>See</u>: Docket No. 97 Civ. 3611)
>
> Please note, I submitted my pro-se petition in order to safeguard myself in filing a timely petition. At the time my attorney, Mr. Barry M. Fallick, Esq., who has since passed away, was battling cancer and informed me he could no longer represent me due to his illness. However, after filing my pro-se petition I was informed by Ms. Harrington that a petition was filed and she will represent me on behalf of Mr. Fallick.
>
> I respectfully apologize if I caused Your Honor any confusion.

Based on the foregoing, it appeared to me that the second petition was redundant of the Docket No. 07 Civ. 3611 and was filed by petitioner out of an abundance of caution to ensure that Mr. Fallick's tragic illness would not result in the petition being time-barred. Accordingly, on August 13, 2007 I wrote to petitioner and Ms. Harrington to inquire whether petitioner would consent to the dismissal of this petition without prejudice to the claims asserted in Docket No. 07 Civ. 3611.

Ms. Harrington responded to my letter on August 21, 2007. Without explaining what differences, if any, existed between the two petitions, Ms. Harrington advised that petitioner

wished to have the two petitions consolidated. She further sought that counsel be assigned to represent petitioner.

III. Analysis

Dismissal of this petition is required by 28 U.S.C. § 2244(b)(1) which provides:

> A claim presented in a second or successive habeas corpus application that was presented in a prior application shall be dismissed.

I have reviewed the two petitions filed on behalf of petitioner, and I cannot detect any material difference between them. Although the petition prepared by Mr. Fallick in Docket No. 07 Civ. 3611 is, of course, more polished and professional, both petitions assert the same claims based on the same facts. Given Mr. Fallick's unfortunate illness and the preclusive consequences that result from a failure to comply with the statute of limitations, petitioner's filing of his pro se petition is entirely understandable. Nevertheless, the applicable provision of Title 28 requires that any claim asserted in a prior habeas corpus petition be dismissed.[1]

Finally, I note that even if the two petitions were not identical and there is some nuance in the second petition that I

---

[1] There is an exception to Section 2244(b)(1) rule of dismissal where a prior petition is dismissed without prejudice for failure to exhaust state remedies. Camarano v. Irvin, 98 F.3d 144 (2d Cir. 1996). Since Docket No. 07 Civ. 3611 remains pending, this exception has no applicability here.

4

am overlooking, the consolidation suggested by Ms. Harrington would still be impermissible. If the petitions were not identical, the latter petition would have to be transferred to the Court of Appeals for an Order authorizing the District Court to consider the new claims. 28 U.S.C. § 2244(b)(3); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). The consolidation suggested by Ms. Harrington appears to overlook this limitation.

Because I believe this matter must be dismissed, it is unnecessary to consider the request that counsel be appointed to represent petitioner in this matter.

IV. Conclusion

Accordingly, for all the foregoing reasons I respectfully recommend that the petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1) without prejudice to the claims asserted in Docket No. 07 Civ. 3611.

In addition, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253. To warrant the issuance of certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209

5

(2d Cir. 2005) (<u>per</u> <u>curiam</u>) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005) (<u>per curiam</u>).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that dismissal is required pursuant to Section 2244(b)(1).

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

## V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.  <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a) and 6(e).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, United States District Judge, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Stein.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS

AND WILL PRECLUDE APPELLATE REVIEW.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         August 31, 2007

                                   Respectfully submitted,


                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies mailed to:

Mr. Pedro Rosario
DIN No. 94-A-2927
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York  12589

Jilliam S. Harrington, Esq.
Rochman Platzer Fallick Sternheim
   Luca & Pearl, LLP
666 Third Avenue
New York, New York  10017

Nancy D. Killian, Esq.
Deputy Bureau Chief
Appeals Bureau
Office of the District Attorney
Bronx County
198 East 161st Street
Bronx, New York  10451